UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BOBBY GENE NEELY, # 389748, | ) ) ) | |
| Plaintiff, | ) ) | No. 3:17-cv-01351 |
| v. | ) ) ) | CHIEF JUDGE CRENSHAW |
| WCF CORE CIVIC, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Bobby Gene Neely, an inmate of the Whiteville Correctional Facility in Whiteville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against WCF Core Civic, alleging violations of his civil rights after a slip and fall incident. (Doc. No. 1). He seeks compensatory damages and damages for his pain and suffering. (Id. at 8).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.      PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

1

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**II.     Section 1983 Standard**

Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983.   Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements:  (1) that he was deprived of a right secured by the

2

Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

**III.  Alleged Facts**

The complaint and supplemental documents from the Plaintiff allege that, in April 2017, while an inmate of Whiteville Correctional Complex, the Plaintiff slipped and fell due to a chemical spill on the floor. The Plaintiff sustained an injury to his wrist. According to the complaint, there was not a wet floor sign to warn inmates of the spill, and this incident was not the first time the facility had failed to post a wet floor sign resulting in an inmate fall.

The Plaintiff was examined by a nurse soon after his fall. Over the course of the next two months, Core Civic transported the Plaintiff to two different outside medical facilities for x-rays and examinations. Two physicians at two different facilities diagnosed the Plaintiff with a broken wrist and referred the Plaintiff for surgery. According to the complaint, the Plaintiff waited a total of three months before he was allowed to have surgery.

After his surgery, the physician told the Plaintiff that he would never have full use of his wrist again. He encouraged the Plaintiff to seek disability benefits. The physician prescribed pain medication for the Plaintiff, but Core Civic refuses to fill the prescription. (Doc. Nos. 1 and 4).

**IV.  Analysis**

The complaint alleges that the Defendant's negligence in failing to post a wet floor sign caused or contributed to the Plaintiff's slip and fall and resulting injury. The complaint also alleges that the Plaintiff was denied timely and appropriate medical treatment for his slip and fall injury. The complaint names only Core Civic in its official capacity as a Defendant to this action. (Doc. No. 1 at 2).

Core Civic is "[a] private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." Thomas v. Coble, 55 F. App'x 748, 748 (6th Cir. 2003) (citing Street v. Corr. Corp. of Am., 102 F.3d 810, 814 (6th Cir.1996)); see also Parsons v. Caruso, 491 F. App'x 597, 609 (6th Cir. 2012) (corporation that provides medical care to prisoners can be sued under § 1983). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons. Thomas, 55 F. App'x at 748–49; Street, 102 F.3d at 817–18; Johnson v. Corr. Corp. of Am., 26 F. App'x 386, 388 (6th Cir. 2001). Core Civic "cannot be held liable under a theory of respondeat superior." Braswell v. Corr. Corp. of Am., 419 F. App'x 622, 627 (6th Cir. 2011).

To prevail on a § 1983 claim against Core Civic, the Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. Id. Here, although the complaint alleges that he is "not the first person who has gotten hurt on these grounds from chemical spills where they [sic] were no wet floor signs to warn people of a spill," (Doc. No. 1 at 7), the complaint only alleges that Core Civic acted negligently by failing to place a sign alerting inmates of this spill and other spills. Allegations of negligence, however, are insufficient to entitle a § 1983 plaintiff to relief. Estelle, 429 U.S. at 105-06. The complaint fails to allege that the Plaintiff's broken wrist was caused by action taken pursuant to a Core Civic official policy or custom, which is required for the Plaintiff to state a claim upon which relief can be granted. See Thomas, 55 Fed. Appx at 749 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). Consequently, the Court finds that the complaint fails to state an Eighth Amendment claim based on the negligence of Core Civic with regard to the wet floor.

With respect to the Plaintiff's allegations that Core Civic denied the Plaintiff proper medical

4

treatment for the broken wrist he sustained in the fall, the complaint alleges that the Plaintiff received medical attention immediately after the fall, was sent on multiple occasions to two outside medical facilities for x-rays and examinations, and ultimately received surgery for his broken wrist. Although the Plaintiff alleges that he will never again enjoy the full use of his wrist, he has not alleged that the type of treatment he received, or the delay in receiving surgery, resulted from acts representing official policy or custom adopted by Core Civic. See id. As a result, the Plaintiff has not stated an Eighth Amendment claim upon which relief can be granted under § 1983 regarding the medical treatment for his slip and fall injuries against Core Civic.

**V.      Conclusion**

For the reasons stated above, the Court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against Core Civic. 28 U.S.C. § 1915A. In the absence of an actionable claim, the Court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, this action will be dismissed.

An appropriate Order will be entered.

**WAVERLY D. CRENSHAW, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**